**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.　　　　　　　　　　　　　　　　　No. 01-4717

ROBERT LEE HOUSTON,
　　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CR-00-117)

Submitted: June 26, 2002

Decided: July 19, 2002

Before WILKINS, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Melvin J. Radin, Norfolk, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Raymond E. Patricco, Jr., Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert Lee Houston appeals his convictions by a jury for possession with intent to distribute cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999); possession with intent to distribute heroin, in violation of 21 U.S.C.A. § 841(a)(1); using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1) (West 2000); being a felon in possession of two firearms, in violation of 18 U.S.C.A. §§ 922(g), 924(a)(2) (West 2000); and possession of cocaine, in violation of 21 U.S.C.A. § 844(a) (West 1999). Houston's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but raising issues regarding the sufficiency of the evidence, prejudicial testimony, and vindictive prosecution. Houston has filed a pro se brief elaborating on these issues. Finding no reversible error, we affirm.

Houston argues the district court erred by denying his motion for judgment of acquittal. This court reviews de novo the district court's denial of a motion for judgment of acquittal. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). To determine whether there was sufficient evidence, we consider whether the evidence, viewed in the light most favorable to the government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. *Id.*; *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc).

The evidence at trial showed on October 14, 1999, Portsmouth police officers executed a search warrant at 124 Elm Avenue. Houston was present in the house. From a back bedroom the officers recovered a bag containing heroin, marijuana, crack cocaine, powder cocaine, and two firearms. The officers also recovered personal papers and mail addressed to Houston, a capsule of heroin on the kitchen floor, ammunition, and suspected drug paraphernalia. Houston was carrying $823 in currency on his person. During statements to the police officers Houston said he was holding and selling the drugs for an individual named Rock, and had bought the guns with Rock.

On June 14, 2000, Portsmouth police officers executed a search warrant at 1505 Effingham Street. The officers apprehended Houston as he was running out the back door and seized a substance from his person later determined to be cocaine.

Houston primarily argues the officers' testimony was inherently incredible. However, the resolution of credibility issues is solely within the province of the jury. *See Romer*, 148 F.3d at 364. Houston also argues there was no physical evidence connecting Houston with the narcotics and firearms. However, reviewing the evidence in the light most favorable to the Government, Houston admitted to two different police officers to possessing the drugs and guns and selling the narcotics. Houston also contends that the officers' delay in memorializing Houston's incriminating statement renders the officers' testimony incredible. However, the jury was able to assess the witnesses' credibility, and we will not overturn that assessment.

Next, Houston argues the district court erred by allowing a detective to testify as to the reason why televisions and tools were removed by the police. The district court's decisions concerning admission or exclusion of evidence are reviewed for abuse of discretion. *United States v. Bostian*, 59 F.3d 474, 480 (4th Cir. 1995). We have reviewed the record and find the district court did not abuse its discretion in admitting this testimony.

Houston claims the federal prosecution of Houston was vindictive in nature. Because Houston did not raise this issue before the district court, we review for plain error. *See United States v. Olano*, 507 U.S. 725, 732 (1993). To establish prosecutorial vindictiveness, Houston must show through objective evidence, "(1) the prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for that animus." *United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001), *cert. denied*, ___ U.S. ___, 122 S. Ct. 1908 (2002). The government's charging decisions are presumptively lawful. *Id.* at 315 (citing *United States v. Armstrong*, 517 U.S. 456, 464 (1996)). Houston speculates the state officers encouraged the federal government to prosecute Houston after state charges against him were dismissed. However, Houston proffers no evidence of animus other than his conclusory allegations, and we find this claim to be without merit.

In his pro se brief, Houston presents arguments in support of the issues raised by counsel. We find these arguments do not sway the analysis. To the extent Houston avers his statements made to police officers were inadmissible hearsay, an out-of-court statement by a party against that party is admissible. Fed. R. Evid. 801(d)(2)(A).

As required by *Anders*, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we affirm Houston's conviction. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*